[Cite as *State v. Birinyi*, 2011-Ohio-6257.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**Nos. 95680 and 95681**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## BRUCE BIRINYI

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED IN PART, REVERSED
IN PART, AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-531800 and 510803

**BEFORE:** Celebrezze, J., Boyle, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** December 8, 2011

**ATTORNEY FOR APPELLANT**

Steve W. Canfil
2000 Standard Building
1370 Ontario Street
Cleveland, Ohio   44113

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:   Nick Giegerich
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

**ALSO LISTED**

Bruce James Birinyi
Inmate No. 591-192
Marion Correctional Institution
940 Williamsport Road
Marion, Ohio   43301

FRANK D. CELEBREZZE, JR., J.:

{¶ 1}  Appellant, Bruce Birinyi, appeals his convictions for assault of a peace officer, obstructing official business, resisting arrest, and criminal nonsupport.   After a thorough review of the record and relevant case law, we affirm in part, and reverse and remand in part.

{¶ 2} On May 21, 2008, appellant was charged in Case No. CR-510803 with six counts of criminal nonsupport of dependants, in violation of R.C. 2919.21(B).

{¶ 3} During a pretrial hearing, appellant expressed his desire to represent himself during trial. At the conclusion of the hearing, appellant signed a voluntary waiver of his right to counsel, dated September 8, 2008.

{¶ 4} Prior to trial, the trial court granted the state's motion to dismiss Counts 1, 2, 3, and 4, which covered time periods from February 2002 through March 2006. Additionally, the trial court granted the state's motion to amend the dates contained in Counts 5 and 6. The dates were amended from April 2006 through April 2008 to April 2005 through April 2007.

{¶ 5} On March 2, 2009, the case was called to trial, but was continued by the trial court on March 3, 2009 for a psychiatric evaluation of appellant pursuant to R.C. 2945.371. On March 5, 2009, the trial court found appellant incompetent to represent himself and declared a mistrial.

{¶ 6} Following the mistrial, appellant's case was reassigned to a new trial judge for retrial. On August 31, 2009, appellant was referred to the psychiatric clinic for a second competency evaluation. On October 13, 2009, the trial court reviewed the report of the psychiatric clinic and concluded that appellant was competent to stand trial. The trial court permitted appellant to proceed pro se with the assistance of attorney Charles Morgan.

**{¶ 7}** On November 30, 2009, appellant's case was transferred to a third trial judge upon agreement of the parties. The trial court accepted the findings from the second psychiatric evaluation and found appellant competent to stand trial and assist in his defense. During a pretrial hearing, appellant was found in contempt of court when he refused to follow the order of the trial judge and injured a deputy as the deputy attempted to remove appellant from the courtroom. Attorney Morgan's request to withdraw was granted, and the third judge recused himself from the case; both were witnesses to the confrontation that ensued between appellant and the deputy.

**{¶ 8}** On December 4, 2009, as a result of the courtroom incident, appellant was indicted in Case No. CR-531800 on charges of felonious assault of a police officer, in violation of R.C. 2903.11(A); two counts of assault of a peace officer, in violation of R.C. 2903.13(A); obstructing official business, in violation of R.C. 2921.31(A); and resisting arrest, in violation of R.C. 2921.33(B).

**{¶ 9}** Appellant's two pending cases, CR-510803 and CR-531800, were reassigned to a fourth trial judge, who accepted the previous findings of the psychiatric clinic that found appellant competent. Based on the psychiatric evaluation, the trial court permitted appellant to proceed pro se without the assistance of counsel. On May 11, 2010, the trial court granted the state's motion to consolidate appellant's pending cases.

{¶ 10} Appellant's consolidated jury trial commenced on July 6, 2010. On July 9, 2010, the jury found appellant guilty of two counts of assault on a peace officer, obstructing official business, resisting arrest, and two counts of criminal nonsupport. Appellant was acquitted on the charge of felonious assault of a police officer. At the sentencing hearing, the trial court imposed a four and one-half-year term of imprisonment.

{¶ 11} Appellant appeals, raising five assignments of error.[1]

### Law and Analysis

### Waiver of Counsel

{¶ 12} In his first assignment of error, appellant argues that the trial court erred by accepting his request to proceed pro se without first engaging in a colloquy to ensure that his decision to waive his constitutional right to counsel was made knowingly, voluntary, and intelligently.

{¶ 13} Although a defendant may eloquently express a desire to represent himself, a trial court must still satisfy certain parameters to ensure that the defendant's waiver of the constitutional right to counsel is made knowingly, intelligently, and voluntarily. See *State v. Thompson*, Cuyahoga App. No. 85483, 2005-Ohio-6126. In *State v. Buchanan*, Cuyahoga App. No. 80098, 2003-Ohio- 6851, this court reiterated the well-established parameters

---

[1] Appellant's assignments of error are contained in the appendix to this opinion.

and the significance of a defendant's decision to waive his constitutional right to counsel and represent himself as follows:

{¶ 14} "'The Sixth Amendment, as made applicable to the states by the Fourteenth Amendment, guarantees that a defendant in a state criminal trial has an independent constitutional right of self-representation and that he may proceed to defend himself without counsel when he voluntarily, and knowingly and intelligently elects to do so.' *State v. Gibson* (1976), 45 Ohio St.2d 366, 345 N.E.2d 399, paragraph one of the syllabus, citing *Faretta v. California* (1975), 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562. However, 'courts are to indulge in every reasonable presumption against the waiver of a fundamental constitutional right, including the right to be represented by counsel.' *State v. Dyer* (1996), 117 Ohio App.3d 92, 95, 689 N.E.2d 1034. As a result, 'a valid waiver affirmatively must appear in the record, and the State bears the burden of overcoming the presumption against a valid waiver.' *State v. Martin*, Cuyahoga App. No. 80198, 2003-Ohio-1499. 'In order to establish an effective waiver of right to counsel, the trial court must make sufficient inquiry to determine whether a defendant fully understands and intelligently relinquishes that right.' *Gibson*, paragraph two of the syllabus.

{¶ 15} "Although there is no prescribed colloquy in which the trial court and a pro se defendant must engage before a defendant may waive his right

to counsel, the court must ensure that the defendant is voluntarily electing to proceed pro se and that the defendant is knowingly, intelligently, and voluntarily waiving the right to counsel. *Martin*, citing *State v. Jackson* (2001), 145 Ohio App.3d 223, 227, 762 N.E.2d 438. Given the presumption against waiving a constitutional right, the trial court must ensure the defendant is aware of 'the dangers and disadvantages of self-representation' and that he is making the decision with his 'eyes open.' *Faretta* at 835.

{¶ 16} "In determining the sufficiency of the trial court's inquiry in the context of the defendant's waiver of counsel, the *Gibson* court applied the test set forth in *Von Moltke v. Gillies* (1948), 332 U.S. 708, 723, 68 S.Ct. 316, 92 L.Ed. 309, as follows:

{¶ 17} ""* * * To be valid such waiver must be made with an apprehension of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the matter.'" *Buchanan* at ¶15-18.

{¶ 18} See, also, *State v. Perry*, Cuyahoga App. No. 81825, 2003-Ohio-1175; *Martin*, supra; *State v. Buckwald*, Cuyahoga App. No. 80336, 2002-Ohio-2721; *State v. Richards* (Sept. 20, 2001), Cuyahoga App. No. 78457; *State v. Jackson*, supra; *State v. Melton* (May 4, 2000), Cuyahoga App. No.

75792. Lack of compliance with these standards is reversible error and not subject to harmless error review. Id.

{¶ 19} Additionally, Crim.R. 44(C) requires the trial court to obtain a signed, written waiver by the defendant in "serious offense cases." A "serious offense" is defined as any felony and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months. Crim.R. 2(D).[2] The absence of a signed waiver in a serious offense case constitutes reversible error. *Martin*, supra. See, also, *State v. Suber*, Franklin App. No. 02AP-1419, 2003-Ohio-5210 (departing from its previous position of applying a prejudicial error standard for trial court's failure to strictly comply with Crim.R. 44(C) and adopting the standard of reversible error shared by the majority of Ohio appellate courts).

{¶ 20} Upon review of the record, it is evident that on September 8, 2008, prior to appellant's first trial, the trial court complied with the standard set forth in *Von Moltke*.

{¶ 21} During the September 8, 2008 hearing, appellant asserted his right to self-representation. Thereafter, the trial court engaged in a lengthy

---

[2] Appellant was charged with criminal nonsupport in violation of R.C. 2919.21(B). Furthermore, appellant failed to provide support for a total accumulated period of 26 weeks out of 104 consecutive weeks. Pursuant to R.C. 2919.21(G)(1), "if the offender has failed to provide support under division (A)(2) or (B) of this section for a total accumulated period of twenty-six weeks out of one hundred four consecutive weeks, whether or not the twenty-six weeks were consecutive, then a violation of division (A)(2) or (B) of this section is a felony of the fifth degree."

discussion with appellant regarding his constitutional right to waive counsel. The trial court advised appellant of his charges, the maximum possible sentence, his affirmative defenses, and the dangers associated with self-representation. Additionally, the trial court explained certain trial procedures and advised appellant that he would be bound to the same rules of procedure and evidence as an attorney. Finally, the trial court attempted to have appellant waive his right to counsel in writing, as required by Crim.R. 44(C). Although appellant initially declined to sign the waiver, the record contains a signed waiver of counsel dated September 8, 2008. Within the document, appellant indicated that his decision to proceed pro se was made knowingly, intelligently, and voluntarily, and that he understood his rights, the nature of the charges brought against him, the maximum possible sentences, and the perils of proceeding pro se.

{¶ 22} In light of the trial court's statements on the record and the written waiver signed by appellant, it is clear that the trial court took precautions to ensure that appellant understood the nature of his decision to proceed pro se and that his decision to waive his right to counsel was knowingly, intelligently, and voluntarily made.

{¶ 23} However, at the conclusion of the state's case-in-chief, the trial court ordered a psychiatric examination of appellant on March 3, 2009. On March 5, 2009, the trial court reviewed the appellant's psychiatric clinic

report. Based on the report and the recommendations of the psychiatric clinic, the trial court found "that while [appellant] is, in fact, competent to stand trial and that he does understand the nature and objectives of the proceedings, as well as the potential penalties involved and any defenses, that he is incompetent to represent himself." Thereafter, the trial court assigned attorney Charles Morgan to represent appellant and declared a mistrial.

{¶ 24} On March 13, 2009, appellant's matter was reassigned to a new trial court for retrial. Thus, the question, then, is whether the "first" waiver of counsel remains valid for the "second" trial. This issue was addressed in *City of Washington C.H. v. Steward* (July 20, 1987), Fayette App. No. CA86-08-008. In *Steward*, the Twelfth District stated:

{¶ 25} "We feel that under the facts and circumstances of the case sub judice, it was unnecessary for the court to obtain a second waiver of counsel. First, a relatively short period of time passed between the appellant's waiver and the first and second trials. Second, the new trial added no new circumstances. There was no change in the nature of the charges against appellant, the statutory offenses included with them, the range of allowable punishments, or possible defenses to the charges and circumstances in mitigation thereof. See *United States v. Weninger* (C.A.10, 1980), 624 F.2d 163, 164, certiorari denied (1980), 449 U.S. 1012, 101 S.Ct. 568, citing *Von Moltke v. Gillies* (1948), 332 U.S. 708, 723-24, 68 S.Ct. 316, 323. Further,

appellant had fairly extensive past experience with the state criminal justice system and should have been aware, from the 'first' trial, of the hazards of proceeding pro se. Therefore, based on the total circumstances of this case, including [the] background, experience and the conduct of the accused person, we must conclude that there has been no violation of appellant's right to counsel." Id.

**{¶ 26}** Unlike the circumstances presented in *Steward*, appellant's second trial involved new circumstances, including additional charges brought against him, a heightened range of allowable punishments, and various possible defenses. Prior to appellant's second trial, he was found in contempt of court and indicted in Case No. CR-531800 on new counts of felonious assault, assault, obstructing official business, and resisting arrest. Subsequently, appellant's criminal nonsupport case (CR-510803) and his assault case (CR-531800) were consolidated, and the matter was set for trial on July 6, 2010.

**{¶ 27}** However, prior to the commencement of appellant's second trial, the trial court failed to conduct any inquiry as to whether appellant was knowingly, intelligently, and voluntarily waiving his right to counsel. The trial court failed to address appellant's new charges altogether and accepted his waiver of counsel without addressing the additional penalties and perils he was facing in the consolidated trial. Rather, the trial court merely

concluded that appellant was "more than competent to defend himself" based on the second psychiatric evaluation that found appellant competent to stand trial and assist in his defense.

{¶ 28} In light of the seriousness of the additional charges appellant was facing in his retrial, we believe that the trial court was required to conduct an inquiry pursuant to *Von Moltke* and establish, as it did during appellant's initial trial, that he was knowingly, intelligently, and voluntarily waiving his constitutional right to counsel. Additionally, the trial court was required to obtain a written waiver of counsel pursuant to Crim.R. 44(C) based on the nature of appellant's charges in CR-531800. Unlike the scenario presented in *Steward*, the trial court's determination that appellant was knowingly, intelligently, and voluntarily waiving counsel in his first trial cannot be imputed to appellant's second trial where the second trial involved additional charges that were not contemplated during appellant's initial waiver.

{¶ 29} Based on the foregoing, appellant's first assignment of error is sustained. We find that appellant must be granted a new trial because his waiver of counsel at his second trial was not knowing, voluntary, and intelligent, and because the trial court failed to comply with the requirements of Crim.R. 44(C) at the second trial.

{¶ 30} Although our disposition of appellant's first assignment of error renders moot some of the remaining assignments of error, "to the extent that

they raise arguments regarding the sufficiency of the evidence they must be addressed, since a reversal on sufficiency grounds would bar retrial on the counts affected." *Tibbs v. Florida* (1982), 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652. Therefore, we will address appellant's fourth assignment of error.

## Sufficiency of the Evidence

{¶ 31} In his fourth assignment of error, appellant argues that his convictions for assault of a peace officer and obstruction of official business were not supported by sufficient evidence. Appellant does not challenge his remaining convictions on sufficiency grounds, therefore they will not be addressed.

{¶ 32} A challenge to the sufficiency of the evidence supporting a conviction requires a court to determine whether the state has met its burden of production at trial. *State v. Thompkins*, 78 Ohio St.3d 380, 390, 1997-Ohio-52, 678 N.E.2d 541. On review for sufficiency, courts are to assess not whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction. Id. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.

{¶ 33} Initially, appellant contends that the state failed to present sufficient evidence to support his conviction for assault on a peace officer. R.C. 2903.13 provides: "(A) No person shall knowingly cause or attempt to cause physical harm to another * * *." Furthermore, "(C)(3) [i]f the victim of the offense is a peace officer * * *, while in the performance of their official duties, assault is a felony of the fourth degree."

{¶ 34} At trial, Judge Michael Corrigan testified, "I directed [Deputy Slattery] to bring [appellant] up to the trial table, [appellant] refused. [Appellant] got into a fight with him." Deputy James Slattery testified that he was on duty at the courthouse on November 30, 2009. Deputy Slattery indicated that he observed appellant refusing to obey the orders of the trial court. At that point, appellant was placed in contempt, and Deputy Slattery was instructed to remove appellant from the courtroom. Deputy Slattery testified, "He refused, three, four times, and he had a briefcase sitting there. I grabbed the briefcase and he grabbed my arm * * *. I let go of the briefcase, I yanked him out of his seat and cuffed one arm, tried to cuff his other arm, and he kept spinning on me. We spun once, the second spin I tripped him to the ground and he fell flat down with his elbow up and his arm under him, and I landed on his elbow and I felt something pop in my rib cage."

{¶ 35} Appellant contends that the state failed to present evidence that he knowingly caused or attempted to cause physical harm to the deputy. "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2901.22(B). Whether a defendant acted "knowingly" must be inferred from the totality of the circumstances surrounding the alleged offense. See *State v. Booth* (1999), 133 Ohio App.3d 555, 562, 729 N.E.2d 406. "Cause" is defined as "an act or failure to act which in a natural and continuous sequence directly produces [physical harm to another], and without which it would not have occurred." 4 Ohio Jury Instructions (2006) 64-65, Section 409.55.

{¶ 36} In this case, it is evident that appellant refused to comply with the instructions of the trial court and struggled with the deputy as the deputy attempted to place handcuffs on him. Under the totality of the circumstances, we find that there was ample evidence for the jury to conclude that appellant was aware that his conduct would probably cause physical harm to Deputy Slattery, which, in fact, it did. Given the foregoing, we conclude that there was sufficient evidence presented to support appellant's conviction for assault under R.C. 2903.13(A).

{¶ 37} Additionally, appellant challenges the sufficiency of the evidence supporting his conviction for obstructing official business. Pursuant to R.C.

2921.31(A): "No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties."

{¶ 38} "A person acts purposely when it is his specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is his specific intention to engage in conduct of that nature."  R.C. 2901.22(A).

{¶ 39} "The proper focus in a prosecution for obstructing official business is on the defendant's conduct, verbal or physical, and its effect on the public official's ability to perform the official's lawful duties."  *State v. Wellman*, 173 Ohio App.3d 494, 2007-Ohio-2953, 879 N.E.2d 215, at ¶12.

{¶ 40} In light of the testimony presented at trial, we conclude that a reasonable jury could conclude that appellant's physical resistance to Deputy Slattery while he was attempting to remove appellant from the courtroom constituted a purposeful act to impair or hinder Deputy Slattery's ability to perform his lawful duties.

{¶ 41} Accordingly, appellant's convictions for assault on a peace officer and obstructing official business were supported by sufficient evidence. Appellant's fourth assignment of error is overruled.

**Joinder**

{¶ 42} Finally, we address appellant's second assignment of error because it may be subject to repetition at appellant's new trial. In his second assignment of error, appellant argues that the trial court committed prejudicial error when it joined the two unrelated cases for trial over his objection. Appellant contends that the evidence of unrelated crimes, including the allegations of assault and obstruction, unfairly prejudiced his defense against allegations of criminal nonsupport.

{¶ 43} We initially note that because appellant failed to renew his objection to the joinder of the indictments at the close of the state's evidence or at the conclusion of all the evidence, he has waived this issue on appeal except for plain error. *State v. Owens* (1975), 51 Ohio App.2d 132, 146, 366 N.E.2d 1367; see, also, *State v. Saade*, Cuyahoga App. Nos. 80705 and 80706, 2002-Ohio-5564; *State v. Hill*, Cuyahoga App. No. 80582, 2002-Ohio-4585; *State v. Fortson* (Aug. 2, 2001), Cuyahoga App. No. 78240. Under Crim.R. 52(B), notice of plain error is to be taken with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice. *State v. Long* (1978), 53 Ohio St.2d 91, 372 N.E.2d 804, paragraph

three of the syllabus. In order to find plain error under Crim.R. 52(B), it must be determined that, but for the error, the outcome of the trial clearly would have been otherwise. Id. at paragraph two of the syllabus.

{¶ 44} Crim.R. 8(A) provides in pertinent part: "Joinder of offenses. Two or more offenses may be charged in the same indictment, information or complaint in a separate count for each offense if the offenses charged * * * are of the same or similar character, or are based on the same act or transaction, or are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan, or are part of a course of criminal conduct."

{¶ 45} Crim.R. 13 provides in pertinent part: "The court may order two or more indictments or informations or both to be tried together, if the offenses or the defendants could have been joined in a single indictment or information."

{¶ 46} Thus, pursuant to Crim.R. 8(A) and 13, two or more offenses can be tried together if the offenses are of the same character, based on connected transactions, or are part of a course of conduct.

{¶ 47} Generally, the law favors joining multiple offenses in a single trial under Crim.R. 8(A) if the offenses charged are of the same or similar character. *State v. Sanchez*, Cuyahoga App. Nos. 93569 and 93570, 2010-Ohio-6153, ¶27, citing *State v. Lott* (1990), 51 Ohio St.3d 160, 163, 555

N.E.2d 293. However, if joinder would prejudice a defendant, the trial court is required to order separate trials. Crim.R. 14. It is the defendant who bears the burden of demonstrating prejudice and that the trial court abused its discretion in denying severance. *Hill* at ¶7, citing *State v. Coley*, 93 Ohio St.3d 253, 2001-Ohio-1340, 754 N.E.2d 1129. A defendant's claim of prejudice is negated when: (1) evidence of the other crimes would have been admissible as "other acts" evidence under Evid.R. 404(B); or (2) the evidence of each crime joined at trial is simple and direct. *Lott* at 163; see, also, *State v. Schaim*, 65 Ohio St.3d 51, 59, 1992-Ohio-31, 600 N.E.2d 661; *State v. Franklin* (1991), 62 Ohio St.3d 118, 122, 580 N.E.2d 1.

{¶ 48} In the instant case, the two cases are separate and distinct. The allegations are not based on connected transactions, nor do they form a course of conduct. Further, evidence of appellant's criminal nonsupport allegations would not have been admissible to prove the counts of assault and obstruction involving Deputy Slattery. Hence, there was undoubtedly some prejudice caused by the joinder of the two cases.

{¶ 49} However, the joinder of the two cases did not affect their outcome. As discussed in the sufficiency analysis, there was direct evidence in support of appellant's convictions for assault on a peace officer and obstructing official business. Because evidence of appellant's guilt was so overwhelming, it

cannot be said that the joinder of the two cases caused him to be convicted in CR-531800.

{¶ 50} Furthermore, there was substantial evidence of appellant's guilt in CR-510803. The record reflects that appellant was under a court order to make child support payments and consistently failed to make those payments. Paulina Raspovic, a support enforcement officer at the Child Support Enforcement Agency, testified that appellant only made one payment during the entire two-year time period from April 2005 to April 2007 and that he had accrued an arrearage of $38,723.82 as of June 30, 2010. The testimony adduced at trial demonstrated that appellant was "an extremely talented woodworker" and had the capability of obtaining work and simply failed to do so. Accordingly, appellant failed to establish that he was providing support within his ability and means.

{¶ 51} Therefore, although the joinder of the two cases was arguably improper under Crim.R. 8(A), the outcome of the trial was not affected by the joinder. Accordingly, appellant's second assignment of error is overruled.

{¶ 52} Because this matter is being remanded for retrial on separate grounds, we note that this assignment of error will be relevant to appellant's retrial. As discussed, our conclusions in this assignment of error rely heavily on appellant's failure to raise timely objections, thereby subjecting him to the confines of a plain error analysis. Had appellant objected to the

consolidation of his cases at the appropriate time, this court likely would have reached a different outcome.

**Conclusion**

{¶ 53} In summary, appellant's first assignment of error is sustained, and therefore he must be granted a new trial; appellant's second and fourth assignments of error are overruled; appellant's remaining assignments of error are rendered moot.

{¶ 54} This cause is affirmed in part, reversed in part, and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., JUDGE

MARY J. BOYLE, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR

APPENDIX

Appellant's assignments of error:

"I.    The trial court erred and denied due process when it permitted appellant's pro se representation absent valid waiver(s) of his constitutional right to counsel, especially where appellant did not knowingly, intelligently, and voluntarily waive this right, where he was found incompetent to represent himself and a determination that he was competent to represent

himself was not made and no attempt was made to obtain his waiver or right to counsel on the consolidated felonious assault, obstruction, and resisting arrest case."

"II.    The trial court committed prejudicial error when it joined the two unrelated cases for trial over appellant's objection and deprived appellant of his constitutional right to a fair trial."

"III.    The trial court erred when it permitted the prosecutor to amend the dates of indictments in counts 5 and 6, changing the nature of the underlying offenses and depriving appellant of his rights to indictment by grand jury and to effectively present his affirmative defenses."

"IV.    Appellant's convictions for assault on an officer and obstruction of official business were not supported by sufficient evidence."

"V.    Appellant's convictions for non-support, assault and obstruction were against the manifest weight of the evidence in light of he evidence demonstrating appellant's affirmative defenses."