[Cite as *State v. Jackson*, 2019-Ohio-2933.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-180160 |
| | | TRIAL NO. B-1705238 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| ROBERT LEE JACKSON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  July 19, 2019

*Keith W. Schneider* and *Karl H. Schneider*, Special Prosecuting Attorneys, for Plaintiff-Appellee,

*Raymond T. Faller,* Hamilton County Public Defender, and *David Hoffman*, Assistant Public Defender, for Defendant-Appellant.

**BERGERON, Judge.**

{¶1}   There are perils for anyone, particularly a criminal defendant, forsaking a lawyer and proceeding pro se at trial.  But just as the Constitution protects the right to counsel, it likewise protects the right to proceed pro se.  When a defendant knowingly, voluntarily, and intelligently makes that choice, the trial court is obliged to respect it.  Here, the defendant elected to proceed pro se and then had second thoughts after his conviction, faulting the trial court for not undertaking a second colloquy with him.  For the reasons explained below, we find these arguments without merit and affirm.

{¶2}   In 2017, defendant-appellant Robert Lee Jackson was charged with violating R.C. 2921.05(A) (retaliation), a felony of the third degree. As the case proceeded towards trial, Mr. Jackson elected to proceed pro se with his own defense and waived his right to counsel in October 2017.  The trial court appropriately questioned Mr. Jackson at the time to ensure that his decision was knowing and voluntary.  Upon waiving his right to counsel, the court informed Mr. Jackson that it would appoint a "standby counsel" to "be there basically ready to fill in * * * if you decide you wish to have legal counsel represent you in this case."

{¶3}   In January 2018, the court then reconvened to proceed with voir dire.  At that time, the court notified Mr. Jackson that the standby counsel was dealing with a serious medical emergency and would not be present.   The court then asked Mr. Jackson if he wished to proceed without standby counsel.  After some discussion, Mr. Jackson confirmed that he did and declined to have standby counsel appointed as his counsel.  The jury ultimately found Mr. Jackson guilty, and the trial court sentenced him to 36 months of incarceration.

2

{¶4} On appeal, Mr. Jackson raises a single assignment of error. He asserts that the trial court erred by allowing him to proceed pro se without engaging in a full (and second) colloquy to reaffirm his waiver of the right to counsel after standby counsel was no longer available.

{¶5} The right to counsel for the criminally accused is enshrined in both the Sixth Amendment to the United States Constitution and the Ohio Constitution. Sixth Amendment to the United States Constitution; Article I, Section X, Ohio Constitution. Nevertheless, a defendant may waive his or her right to counsel and proceed pro se so long as that waiver is made voluntarily, knowingly and intelligently. *State v. Nelson*, 2016-Ohio-8064, 75 N.E.3d 785, ¶ 18 (1st Dist.). For such a waiver to be valid though, the record must demonstrate that the trial court made a sufficient inquiry to determine that the "defendant fully understood and intelligently relinquished his or her right to counsel." *State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, 816 N.E.2d 227, ¶ 39. Crim.R. 44(C) further provides that "[w]aiver of counsel shall be in open court and the advice and waiver shall be recorded * * *. In addition, in serious offense cases the waiver shall be in writing." We review the propriety of a defendant's waiver of his or her right to counsel de novo. *Nelson* at ¶ 17.

{¶6} Here Mr. Jackson does not challenge his initial waiver in October. We likewise reviewed the record and concluded that the trial court appropriately questioned Mr. Jackson about his decision and found that he knowingly, voluntarily, and intelligently elected to forego a lawyer. The wrinkle emerges with the trial court's assurance (at the October hearing) that Mr. Jackson would have access to standby counsel. When standby counsel became unavailable for the January trial, Mr. Jackson insists that he should have been afforded a *second* waiver colloquy concerning his right to counsel, and that the failure to do so rendered his initial decision to proceed pro se ineffective.

{¶7}   In support of this claim, Mr. Jackson points to the Eighth District's decision in *State v. Birinyi,* 8th Dist. Cuyahoga Nos. 95680 and 95681, 2011-Ohio-6257.  *Birinyi,* however, is distinguishable on its facts from Mr. Jackson's case.  Unlike here, the events in *Birinyi* transpired over the course of two trials, with four different judges. *Id.* at ¶ 1-10.   In *Birinyi,* after his initial waiver, the defendant was subjected to additional charges, with a "heightened range of allowable punishments, and various possible defenses." *Id.* at ¶ 26.  The Eighth District held that, despite the valid waiver of counsel in the defendant's first trial, because of the changed circumstances in the second trial, a new waiver was required and the court erred when it failed to hold a second waiver colloquy. *Id.* at ¶ 28.

{¶8}   While we acknowledge that, just as in *Birinyi*, there are occasions when changed circumstances may require the defendant's waiver of the right to counsel to be reobtained, such a scenario does not confront us now.  Here, Mr. Jackson was not charged with additional crimes since the October waiver, and no new defenses or additional punishments were available.  Finally, the events at issue in this appeal all occurred during the same trial, merely three months apart.

{¶9}   Moreover, while trial courts may well decide to appoint standby counsel, defendants do not have an automatic right entitling them to standby counsel. *State v. Obermiller*, 147 Ohio St.3d 175, 2016-Ohio-1594, 63 N.E.3d 93, ¶ 50 ("neither state nor federal jurisprudence requires a court to inform a defendant who seeks to waive counsel of the potential for standby counsel."); *State v. Newman,* 5th Dist. Stark No. 2017CA00219, 2018-Ohio-3253, ¶ 26 (trial court did not err in limiting defendant's interactions with standby counsel as a defendant does not have an absolute right to standby counsel); *Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, 816 N.E.2d 227, at ¶ 28 ("Once the right to counsel is properly waived, trial courts are permitted to appoint standby counsel to assist the

otherwise pro se defendant."). Though Mr. Jackson expressed concern that standby counsel would not be present, he affirmatively indicated to the court that he wished to proceed:

Q: Are you indicating you wish to have [standby counsel] represent you now on this case?

A: No, I'm saying I wrote her a letter. * * * I wish [standby counsel] was here today, but since she's not, I can handle it myself.

{¶10} Finally, Mr. Jackson has a constitutional right to represent himself pro se, which the trial court was obligated to respect (upon, of course, making the requisite findings). *Martin* at ¶ 23 (acknowledging defendant's correlative right of self-representation to the right to counsel). The unexpected absence of standby counsel did not mandate a new waiver colloquy under the circumstances here, particularly given that (1) Mr. Jackson does not challenge the October 19 waiver, and (2) the trial court expressly questioned him about proceeding in the absence of standby counsel and Mr. Jackson clearly elected to.

{¶11} For the foregoing reasons we find Mr. Jackson's sole assignment of error lacks merit and is accordingly overruled. The judgment of the trial court is affirmed.

Judgment affirmed.

**ZAYAS, P.J.**, and **WINKLER, J.**, concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.