[Cite as *State v. Zachary*, 2024-Ohio-422.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-230435 |
| | | TRIAL NO. B-2205240 |
| Plaintiff-Appellee, | : | |
| | : | |
| vs. | | *O P I N I O N.* |
| | : | |
| WILLIAM ZACHARY, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: February 7, 2024


*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *John D. Hill, Jr.*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Bryan R. Perkins*, for Defendant-Appellant.

**BERGERON, Judge.**

{¶1}   A prior juvenile offense and a traffic stop led to a four-count indictment on firearm and drug charges. Defendant-appellant William Zachary pleaded guilty to having weapons while under disability in exchange for the dismissal of the other three counts. But he subsequently moved to withdraw his guilty plea, which the trial court denied. He now appeals, maintaining that the trial court abused its discretion when it denied his motion to withdraw his guilty plea because changes in Second Amendment jurisprudence provided him with a complete defense. Because he was afforded the proper procedural protections, and the law and facts giving rise to his alleged defense existed at the time he pleaded guilty, we reject his argument and affirm the trial court's judgment.

I.

{¶2}   In 2014, Mr. Zachary was adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been aggravated robbery. Because of this offense, he was under a disability. In 2022, Cincinnati police officers stopped Mr. Zachary as part of a traffic stop. During the encounter, he disclosed to an officer that he had a firearm. The firearm was on his body (and accessible to him from the driver's seat). But he had not yet been relieved of the 2014 disability.

{¶3}   He was indicted on four counts: having weapons while under disability, in violation of R.C. 2923.13(A)(2), carrying concealed weapons, in violation of R.C. 2923.12(A)(2), improper handling of firearms in a motor vehicle, in violation of R.C. 2923.16(B), and aggravated possession of drugs, in violation of R.C. 2925.11(A). He

pleaded guilty to having weapons while under disability in exchange for the dismissal of the three remaining counts.

{¶4} Prior to sentencing, Mr. Zachary filed a motion to withdraw his guilty plea, insisting that changes in Second Amendment jurisprudence provided him with a complete defense. After a full hearing, the trial court denied his request and subsequently sentenced him to two years of community control, imposed a fine of $100, and ordered him to complete a cognitive thinking class and to perform 100 hours of community service. He now appeals.

II.

{¶5} In Mr. Zachary's sole assignment of error, he maintains that the trial court abused its discretion by denying his presentence motion to withdraw his guilty plea. "[A] presentence motion to withdraw a guilty plea should be freely and liberally granted," but the right to withdraw a guilty plea is not absolute. *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992); *see State v. Howell*, 1st Dist. Hamilton No. C-200360, 2021-Ohio-2957, ¶ 9. Ohio appellate courts review a denial of a motion to withdraw a guilty plea for an abuse of discretion. *Howell* at ¶ 9, citing *State v. Andrews*, 1st Dist. Hamilton No. C-110735, 2012-Ohio-4664, ¶ 16. An abuse of discretion occurs when "a court exercis[es] its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority." *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, ¶ 35.

{¶6} This court considers the factors set forth in *State v. Fish*, 104 Ohio App.3d 236, 240, 661 N.E.2d 788 (1st Dist.1995), *overruled on other grounds*, *State v. Sims*, 2017-Ohio-8379, 99 N.E.3d 1056 (1st Dist.), when reviewing a trial court's denial of a motion to withdraw a guilty plea. The factors include:

(1) whether the defendant was represented by highly competent counsel; (2) whether the defendant was afforded a complete Crim.R. 11 hearing before entering the plea; (3) whether the trial court conducted a full and impartial hearing on the motion to withdraw the plea; (4) whether the trial court gave full and fair consideration to the motion; (5) whether the motion was made within a reasonable time; (6) whether the motion set out specific reasons for the withdrawal; (7) whether the defendant understood the nature of charges and the possible penalties; (8) whether the defendant was possibly not guilty of the changes or had a complete defense to the charges; and (9) whether the state would have been prejudiced by the withdrawal of the plea.

*State v. McCoy*, 1st Dist. Hamilton Nos. C-220279 and C-220281, 2023-Ohio-361, ¶ 11, quoting *Howell* at ¶ 10.

{¶7} The *Fish* factors are non-exhaustive—trial and appellate courts may consider other factors as dictated by the circumstances of the particular case. *Fish* at 240. And no single factor controls the inquiry; "the trial court employs a balancing test." *State v. Warrix*, 2d Dist. Montgomery No. 26556, 2015-Ohio-5390, citing *State v. Preston*, 2d Dist. Montgomery No. 25393, 2013-Ohio-4404, ¶ 20.

{¶8} Mr. Zachary concedes that he was represented by highly competent counsel, that he received a proper Crim.R. 11 hearing before entering his plea, and that he was given a hearing on his motion to withdraw his guilty plea. He contends, however, that the remaining factors weigh heavily in favor of permitting him to withdraw his guilty plea.

4

{¶9} But he fails to adequately contest that the trial court gave full and fair consideration to the motion or that he understood the nature of the charges and the possible penalties. While he does not concede these factors, he does not discuss them in his brief. And, as evidenced by the record, he acknowledged his understanding of the charges against him and the possible penalties at the time of his guilty plea. Further, the trial court analyzed each of the *Fish* factors when denying the motion, demonstrating a full and fair consideration. Therefore, both factors weigh in favor of the denying his motion to withdraw.

{¶10} The state, on the other hand, acknowledges that the timeliness and prejudice factors may be resolved in favor of Mr. Zachary. The trial court found the motion to be timely and the state would have suffered little, if any, prejudice had the trial court granted the motion to withdraw the guilty plea.

{¶11} Thus, the two disputed factors—reasons for withdrawal and lack of guilt or complete defense—are the focus of the appeal (and of our analysis). Because Mr. Zachary's sole reason for withdrawal is his alleged complete defense, we address these factors together. He maintains that recent changes in Second Amendment jurisprudence provide him with a complete defense that gives rise to his innocence, specifically citing a United States Supreme Court case (issued *before* he entered his guilty plea), *New York State Rifle & Pistol Assn. v. Bruen*, 597 U.S. 1, 142 S.Ct. 2111, 213 L.Ed.2d 387 (2022), and a trial court decision (issued *after* he entered his guilty plea), *State v. Moore*, Hamilton C.P. No. B-2202520 (June 30, 2023). Seizing on this pair of cases, he maintains that a firearms disability conviction predicated on a juvenile adjudication can no longer pass constitutional muster.

5

**{¶12}** This argument runs headlong into a threshold problem: the Ohio Supreme Court, prior to *Bruen*, determined that a juvenile adjudication for a felony offense of violence may serve as the basis for a firearms disability. *See, e.g.*, *State v. Carnes*, 154 Ohio St.3d 527, 2018-Ohio-3256, 116 N.E.3d 138, ¶ 21.

**{¶13}** But Mr. Zachary assures us that we can safely ignore *Carnes* now, pointing to *Moore* and *Bruen*. In *Moore*, the trial court, applying the *Bruen* standard, dismissed an indictment for having weapons while under disability when the disability was predicated upon a pending pre-conviction indictment. *See* R.C. 2923.13(A)(2). However, as emphasized by the trial court in the case before us, *Moore* is not controlling and is factually distinguishable—unlike the defendant in *Moore*, Mr. Zachary had been adjudicated of an offense, not merely indicted. And *Moore* did not involve any interplay with the juvenile system.

**{¶14}** Because *Moore* does not provide a basis for his defense, he must necessarily retreat to *Bruen*. The United States Supreme Court's decision shifted the burden in firearm regulation challenges to the government to demonstrate that the regulation at issue is "consistent with the Nation's historical tradition of firearm regulation." *Bruen*, 597 U.S. at 24, 142 S.Ct. 2111, 213 L.Ed.2d 387. Mr. Zachary, wielding the *Bruen* rationale, posits that the statutory disability imposed because of his juvenile adjudication is incompatible with the rationale of the juvenile justice system. Further, he emphasizes the alleged lack of a long-standing national tradition that precludes adults who were adjudicated delinquent as juveniles from exercising their Second Amendment rights.

**{¶15}** We need not ponder the intricacies of this Second Amendment claim, however, to decide this appeal. *Bruen* was decided nearly a year before Mr. Zachary

entered his guilty plea, and, although he had ample opportunity, he never filed a motion to dismiss the indictment against him based on a Second Amendment defense or otherwise raised the defense in any fashion. And "[w]here a defendant is aware of the factual basis for an alleged defense at the time of the plea, he or she is 'presumed to have taken this defense into consideration' when deciding to enter a plea and to have 'conclud[ed] that the possibility of succeeding with that defense was not worth the risk of a greater sentence if the defense would fail, resulting in a conviction and a greater sentence.' " *State v. Sain*, 2d Dist. Montgomery No. 28720, 2020-Ohio-5542, ¶ 37, quoting *Warrix*, 2d Dist. Montgomery No. 26556, 2015-Ohio-5390, at ¶ 36.

**{¶16}** Mr. Zachary does not explain why he failed to raise this defense prior to entering his guilty plea. And generally, " '[a] change of heart or mistaken belief about pleading guilty is not a reasonable basis for withdrawal of a guilty plea.' " *State v. Reed*, 3d Dist. Seneca No. 13-22-02, 2022-Ohio-2538, ¶ 19, quoting *State v. Jones*, 7th Dist. Mahoning No. 09 MA 50, 2011-Ohio-2903, ¶ 20.

**{¶17}** The trial court fully considered the *Fish* factors, finding nearly all of the factors weighed in favor of denying the plea withdrawal, and reasonably concluded, on these facts, that Mr. Zachary did not have a sufficient reason to withdraw his plea. We accordingly find the trial court's decision was not an abuse of discretion and overrule the sole assignment of error.

\* \* \*

**{¶18}** In light of the foregoing analysis, we overrule Mr. Zachary's sole assignment of error and affirm the judgment of the trial court.

Judgment affirmed.

**BOCK, P.J.,** and **WINKLER, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.