[Cite as *State v. Conley*, 2024-Ohio-4985.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-240223 |
| | | TRIAL NO. B-2301031 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| JERRED CONLEY, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal: October 16, 2024

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Norbert Wessels*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Glaser Law* and *Angela J. Glaser*, for Defendant-Appellant.

**WINKLER, Judge.**

{¶1} Defendant appellant Jerred Conley appeals the decision of the Hamilton County Court of Common Please denying his presentence motion to withdraw his previously-entered guilty plea. In his sole assignment of error, he contends that the trial court erred in denying his motion to withdraw his plea. We find merit in his assignment of error. Therefore, we reverse his conviction and remand the matter to the trial court to hold a new hearing on his motion.

{¶2} Conley was originally charged with one count of having weapons under a disability under R.C. 2923.13(A)(3), one count of theft under R.C. 2913.02(A)(1), and one count of assault under R.C. 2903.13(A). Counts one and two were third-degree felonies and count three was a first-degree misdemeanor. Under the terms of the plea agreement, Conley agreed to plead guilty to count one, having weapons under a disability, with an agreed sentence of nine months' incarceration, and the State agreed to dismiss the other two counts.

{¶3} The trial court held a plea hearing. It conducted a full colloquy according to Crim.R. 11 to ensure that Conley's plea was made knowingly, intelligently, and voluntarily. The court accepted his plea and scheduled a sentencing hearing.

{¶4} Subsequently, Conley's counsel filed a motion to withdraw, citing a "breakdown in communication." At a hearing on that motion, the court addressed Conley, and he said that he had sent an email to counsel expressing how he felt, and the next thing he knew counsel had filed a motion to withdraw. Conley said that he intended no disrespect, and he apologized if counsel had felt disrespected. After a brief discussion with Conley, counsel told the court that Conley wanted to proceed pro se on an oral motion to withdraw his plea, and counsel would remain as standby counsel.

2

**{¶5}** The court replied, "You understand they're lawyers? They know what they're doing. You're not a lawyer, right?" Conley replied, "Yes." The court further stated, "There's legal standards I have to apply. Do you understand that?" Conley said that he did. Finally, the court asked him if he was sure he wanted to proceed without counsel, and Conley said, "Yes."

**{¶6}** The court then asked, "Mr. Conley, what did you want to tell me?" He responded, "They told me that I am going to explain to you why I would like to change my plea. . . . And that's pretty much I strongly feel I do not deserve any charges on my record let alone probation and prison." The court asked him if he understood that it advised him of his constitutional rights when it accepted the plea. Conley replied that he did, and the court said it was going to deny the motion.

**{¶7}** The court then asked Conley if he wished to have counsel at the sentencing hearing. He stated, "I would just like to be able to talk to you myself. So, I think I would like to proceed just representing myself." The court told him it was a serious case, and he was "looking at quite a bit of time in the penitentiary." Conley confirmed that he still wished to proceed pro se, and he signed a written waiver of counsel. The court told him that if he changed his mind, counsel could be appointed for him.

**{¶8}** When Conley did not appear for sentencing, a capias was issued for his arrest. He was eventually apprehended five days later. At the sentencing hearing, the court again asked him if he wished to proceed pro se, and he replied that he did. In mitigation, Conley stated that he had sent a letter to the judge along with what he claimed was new evidence. He claimed that he was being set-up or framed by the victim. The court noted that he had picked up new charges related to the same victim.

Instead of imposing the agreed sentence of nine months, the court sentenced him to 24 months in prison. This appeal followed.

{¶9} In his sole assignment of error, Conley contends that the trial court abused its discretion in overruling his motion to withdraw his plea. He argues that the court "acted unjustly and unfairly" when it failed to hold a hearing or weigh any of the necessary factors before denying the motion. This assignment of error is well taken.

{¶10} Motions to withdraw guilty pleas are governed by Crim.R. 32.1, which provides, "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Although a presentence motion to withdraw a guilty plea should be freely and liberally granted, a defendant does not have an absolute right to withdraw a guilty plea before sentence. *State v. Xie*, 62 Ohio St.3d 521, 527 (1992); *State v. McCoy*, 2023-Ohio-361, ¶ 10 (1st Dist.). The decision whether to grant the motion lies within the trial court's discretion. *Xie* at paragraph two of the syllabus; *State v. Sykes*, 2007-Ohio-3086, ¶ 5 (1st Dist.).

{¶11} In *State v. Fish*, 104 Ohio App.3d 236 (1st Dist. 1995), *overruled on other grounds in State v. Sims*, 2017-Ohio-8379 (1st Dist.), this court set forth the factors to be considered when reviewing the trial court's denial of a motion to withdraw a guilty plea. *State v. Zachary*, 2024-Ohio-422, ¶ 6 (1st Dist.); *McCoy* at ¶ 11. Those factors include:

> (1) whether the defendant was represented by highly competent counsel; (2) whether the defendant was afforded a complete Crim.R. 11 hearing before entering the plea; (3) whether the trial court conducted a full and impartial hearing on the motion to withdraw the plea; (4)

whether the trial court gave full and fair consideration to the motion; (5) whether the motion was made within a reasonable time; (6) whether the motion set out specific reasons for the withdrawal; (7) whether the defendant understood the nature of charges and the possible penalties; (8) whether the defendant was possibly not guilty of the changes or had a complete defense to the charges; and (9) whether the state would have been prejudiced by the withdrawal of the plea.

*Zachary* at ¶ 6.

**{¶12}** These factors are not exhaustive. A reviewing court may consider other factors as dictated by the circumstances of the particular case. *Id*. at ¶ 7, quoting *Fish* at 240. No single factor controls the inquiry. The trial court "employs a balancing test." *Id*. at ¶ 7. The ultimate question for the trial court is whether there is a "reasonable and legitimate basis for the withdrawal of the plea." *Xie* at 527. Generally, a "change of heart" is an insufficient justification for the withdrawal of a plea. *Zachary* at ¶ 16; *State v. Conley*, 2021-Ohio-837, ¶ 16 (1st Dist.).

**{¶13}** Conley admits that factors (1) and (2) do not weigh in his favor because at the plea hearing, he was represented by counsel, and the court conducted a full colloquy under Crim.R. 11. But he claims that the remaining factors weigh in his favor. We need not address that argument because we agree with his assertion that the hearing on his motion to withdraw his plea was inadequate.

**{¶14}** The trial court must conduct a hearing to determine if there is a legitimate and reasonable basis for the withdrawal of the plea. *Xie*, 62 Ohio St.3d 521, at paragraph one of the syllabus; *Conley* at ¶ 13. The scope of the hearing "should reflect the substantive merit of the motion itself." *Conley* at ¶ 13, quoting *State v. McNeil*, 146 Ohio App.3d 173, 176 (1st Dist. 2001). The trial court is not required to

hold a separate evidentiary hearing, but it must give the defendant or his counsel an opportunity to explain the motion. *See State v. Johnson*, 2016-Ohio-8494, ¶ 9 (10th Dist.).

{¶15} While a brief hearing can satisfy the hearing requirement, in this case Conley was not given an adequate opportunity to present his reasons for wanting to withdraw the plea. At the hearing, the court initially discussed counsel's motion to withdraw. Subsequently, Conley briefly conferred with counsel, after which counsel told the court that Conley wanted to proceed pro se with standby counsel. The court asked Conley a few questions and allowed him to represent himself. We question whether the court conducted a sufficient inquiry to determine whether the "defendant fully understood and intelligently relinquished his or her right to counsel." *State v. Jackson*, 2019-Ohio-2933, ¶ 5 (1st Dist.), quoting *State v. Martin*, 2004-Ohio-5471, ¶ 39. *See State v. Wallace*, 2024-Ohio-4866 (1st Dist.) But that issue is not before us.

{¶16} Conley told the court that he did not deserve the charges. That statement was essentially a claim of innocence, which "goes to the very heart of the right to a trial by jury." *State v. Jefferson*, 2003-Ohio-4308, ¶ 8 (1st Dist.). Where a defendant asserts a claim of innocence as the reason for withdrawing his plea, "the trial court must compare the interests of and potential prejudice to each party." *Sykes*, 2007-Ohio-3086, at ¶ 12 (1st Dist.).

{¶17} The court then asked Conley if he understood that the court had advised him of his constitutional rights at the plea hearing. When Conley responded "yes," the court said that it was denying his motion. That question only related to the first two factors. Nothing in the record shows that the court considered any of the other factors. "[T]he brevity with which the trial court addressed the motion casts doubts on whether the court carefully considered the merits." *Jefferson* at ¶ 9.

**{¶18}** Consequently, we sustain Conley's assignment of error. We reverse his conviction and remand the matter to the trial court to hold a hearing on Conley's motion to withdraw his guilty plea and consider all of the relevant factors.

Judgment reversed and cause remanded.

**BOCK, P.J.,** and **CROUSE, J.,** concur.

Please note:

The court has recorded its own entry this date.