[Cite as *State v. Neal*, 2025-Ohio-2499.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,        :      APPEAL NO.   C-240674

       TRIAL NO.    C/24/TRC/5091/B

      Plaintiff-Appellee,       :

      vs.       :

*JUDGMENT ENTRY*

ANDRE NEAL,       :

      Defendant-Appellant.       :

This cause was heard upon the appeal, the record, the briefs, and arguments.

The judgment of the trial court is affirmed for the reasons set forth in the Opinion filed this date.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs are taxed under App.R. 24.

The court further orders that 1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and 2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 7/16/2025 per order of the court.**

**By:**_____

      **Administrative Judge**

[Cite as *State v. Neal*, 2025-Ohio-2499.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-240674 |
| | | TRIAL NO. C/24/TRC/5091/B |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N* |
| ANDRE NEAL, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: July 16, 2025

*Connie M. Pillich*, Hamilton County Prosecuting Attorney, and *Candace Crear*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Meadows Law Firm* and *Jeffrey C. Meadows*, for Defendant-Appellant.

**MOORE, Judge.**

**{¶1}** In February 2024, defendant-appellant Andre Neal was charged with operating a motor vehicle under the influence of alcohol in violation of 4511.19(A)(2) ("OVI test refusal") and operating a motor vehicle under the influence of alcohol ("OVI") in violation of R.C. 4511.19(A)(1)(A). In September 2024, he pleaded guilty to the OVI test refusal, and the OVI was dismissed per the plea agreement. Following his guilty plea but prior to his October 2024 sentencing hearing, Neal retained new counsel. At the sentencing hearing, Neal's new counsel made an oral motion to withdraw the guilty plea, explaining that the plea should be withdrawn because he was only recently retained and had not had a chance to review discovery. The trial court denied the motion but continued the sentencing hearing to allow Neal's new counsel to prepare his mitigation argument.

**{¶2}** Prior to the rescheduled sentencing hearing, Neal filed a written motion to withdraw his guilty plea, asserting that his original counsel had failed to fully apprise him of the merits of his case. At the rescheduled sentencing hearing, the trial court permitted Neal's counsel to argue the written motion to withdraw his plea. Counsel again stated that he needed more time to review Neal's case, and the trial court again denied the motion.

**{¶3}** On appeal, Neal asserts for the first time that his original counsel failed to share discovery with him, which caused him to question whether he had knowingly, voluntarily, and intelligently pleaded guilty. In considering the factors laid out in *State v. Fish*, 104 App.3d 236, 240 (1st Dist. 1995), we conclude that Neal failed to specify how original counsel's alleged failure to share discovery would have affected his plea. We, therefore, hold that the trial court did not abuse its discretion by denying Neal's motion and affirm the trial court's judgment.

### *I.    Factual and Procedural History*

**{¶4}**   On February 18, 2024, Neal was charged with speeding in violation of R.C. 4511.21 and the OVI violations described above.

**{¶5}**   The following day, Neal was appointed a public defender who filed a "Demand for Discovery," a "Demand to Preserve Recordings," and a "Motion for *Brady* Material." The public defender also filed a response to the State's demand for discovery, which reflected that any evidence Neal had was in the State's possession.

**{¶6}**   On February 26, 2024, Neal's original privately-retained counsel filed his designation of counsel with the court.

Neal pleads guilty to the OVI.

**{¶7}**   On September 29, 2024, Neal pleaded guilty to, and was convicted of, the OVI charged under R.C. 4511.19(A)(2) and speeding. The OVI charged under R.C. 4511.19(A)(1)(A) was dismissed per the plea agreement.

**{¶8}**   The record on appeal does not contain a transcript of the plea hearing.

Neal hires a third attorney.

**{¶9}**   On October 17, 2024, Neal retained his current counsel, who filed a designation as counsel, along with a "Demand and Alternative Motion for Discovery and a Motion to Preserve Evidence."

**{¶10}** During the October 29, 2024 sentencing hearing, counsel stated he was only hired to represent Neal on the OVI. Counsel explained he did not know Neal had pleaded guilty, or that the matter had been set for sentencing.

**{¶11}** Counsel then made an oral motion to withdraw the plea as Neal had not yet been sentenced. In the alternative, he requested a continuance to prepare mitigation.

**{¶12}** The court overruled the oral motion to withdraw, finding that counsel's

4

explanation was not a specific or compelling reason to permit Neal to withdraw his plea. The court explained that Neal was "represented by competent counsel" when he pleaded guilty, and it had been a little over a month since he entered that plea, was found guilty, and a presentence investigation report had been ordered. The court also noted that since pleading guilty to OVI, Neal had picked up a charge for driving while under an OVI suspension, and that he had two prior convictions for the same offense.

### The sentencing hearing

{¶13} Although the court denied the motion to withdraw, it did continue the matter to allow counsel to prepare mitigation. Neal filed a written "Motion to Withdraw Plea" to the OVI on November 1, 2024—the date of the continued sentencing hearing. Neal argued in his motion that he "did not feel that [original counsel] was fully advising him of the merits of his case." The trial court permitted arguments in support of the written motion to withdraw. Neal's counsel explained that he "walked into the situation not realizing it was set for sentencing" and "he believed that he had been hired 'mid-stream.'" No further argument was made in support of the motion, and it was submitted to the court for decision.

{¶14} The court overruled Neal's written motion, stating that after "numerous trial settings and pretrial settings" beginning on February 19, 2024, Neal made a voluntary, knowing, and intelligent plea while represented by original counsel.

{¶15} The court sentenced Neal to 180 days of confinement on the OVI, ordered him to pay $110 in costs and $25 in fines, and suspended his driver's license for two years. On the speeding charge, Neal received a $75 fine and had his costs remitted.

{¶16} The court denied Neal's oral motion to stay the sentence on the OVI. Neal also sought a stay of his sentence from this court, which was denied.

**{¶17}** This appeal followed.

## II.    Analysis

### A.  The trial court did not abuse its discretion by denying Neal's motion.

**{¶18}** While a presentence motion to withdraw a guilty plea should be freely and liberally granted, there is no absolute right to withdraw a plea even when the motion is made prior to sentencing. *State v. Rosemond*, 2023-Ohio-848, ¶ 7 (1st Dist.); Crim.R. 32.1. A trial court must conduct a hearing to determine whether the defendant has a reasonable and legitimate basis for withdrawing a plea. *Id.* at ¶ 8. The court is not required to hold a separate evidentiary hearing, but it must give the defendant or his counsel an opportunity to explain the motion. *State v. Conley*, 2024-Ohio-4985, ¶ 14 (1st Dist.). The decision to grant or deny a motion to withdraw a plea lies within the sound discretion of the trial court. *Id.* at ¶ 10.

**{¶19}** The following factors must be considered by this court in determining whether the trial court abused its discretion in denying a motion to withdraw a plea: (1) whether the defendant was represented by highly competent counsel; (2) whether the defendant was afforded a complete Crim.R. 11 hearing when entering the plea; (3) whether the trial court conducted a full and impartial hearing on the motion to withdraw; (4) whether the trial court gave full and fair consideration to the motion to withdraw; (5) whether the motion was made within a reasonable time; (6) whether the motion included specific reasons for withdrawing the plea; (7) whether the defendant understood the charges and possible penalties; (8) whether the defendant had a complete defense to the charges; and (9) whether the state would be prejudiced by the withdrawal. *See Fish*, 104 App.3d at 240. No single factor controls the inquiry as the list is not exhaustive and will depend on the merits of each case. *Conley* at ¶ 11; *Fish* at 240. A change of heart is generally not sufficient justification to withdraw a guilty plea.

6

*Conley* at ¶ 12.

**{¶20}** When applied to Neal's case, whether the state would be prejudiced is not an issue. Neal's motion was timely. Crim.R. 32.1 provides, in pertinent part, that a motion to withdraw a plea may be made before a sentence is imposed. While Neal's oral and subsequent written motion were submitted at the sentencing phase of the proceedings, they were made in a reasonable time because Neal had not yet been sentenced.

**{¶21}** An evaluation of the remaining factors cited above weigh against allowing the withdrawal of his plea. First, the trial court concluded that Neal was represented by highly competent counsel when he pleaded guilty.

**{¶22}** Next, regarding whether Neal was afforded a complete Crim.R. 11 hearing before entering his plea, and whether he understood the charges and possible penalties, the record on appeal does not contain a transcript of the plea hearing or an App.R. 9 statement in lieu of the transcript. We, therefore, must presume the regularity of the proceedings and that the court engaged in a sufficient Crim.R. 11 plea colloquy, and provided an explanation of the charges and potential sentence. *See State v. Cross*, 2024-Ohio-268, ¶ 10 (1st Dist.) ("In the absence of transcripts allowing appellate review of an assignment of error, we must presume the regularity of the proceedings below."); *In re A.C.*, 2024-Ohio-1661, ¶ 22 (1st Dist.) (reviewing courts cannot ascertain what transpired during a plea hearing without the transcript); *State v. Rice*, 2017-Ohio-122, ¶ 16 (2d Dist.) (the reviewing court concluded it must presume the regularity of the proceedings—that the trial court complied with all requirements of Crim.R. 11(C)—thus indicating that appellant's plea was knowingly and voluntarily entered).

**{¶23}** Neal argues "the trial court should have granted the motion to allow

7

[him] an opportunity to present these concerns fully before sentencing." Ohio law does not dictate the parameters of a hearing on a motion to withdraw a plea. Instead, the trial court is only required to conduct an inquiry to determine whether a reasonable or legitimate basis exists for the withdrawal of the plea. *Conley*, 2024-Ohio-4895, at ¶ 14. Here, the trial court conducted two full and impartial hearings on Neal's oral and written motion to withdraw and gave full and fair consideration to his arguments. Although more than a month had passed since Neal pleaded guilty, the trial court gave Neal two separate opportunities to provide specific and compelling reasons to grant his motion.

*Neal failed to provide a legitimate basis to withdraw his guilty plea*.

**{¶24}** While counsel orally argued he was not aware that the matter had been set for sentencing when he was hired, the subsequently filed written motion asserted that Neal did not believe that his former counsel had fully informed him of the merits of his case. Neal now asserts on appeal that former counsel failed to share discovery with him and that affected whether he was fully apprised of his case.

**{¶25}** Neal fails to develop this argument. Specifically, he does not explain how former counsel's alleged failure to share discovery supports his challenge to the trial court's denial of his motion to withdraw; at oral argument, his contention was essentially that "we do not know what the discovery would have revealed." *State v. McNeil*, 146 Ohio App.3d 173, 176 (1st Dist.) (the trial court did not err in denying appellant's motion to withdraw his plea where appellant did not indicate any possible defenses or present evidence in support of his conclusions.).

**{¶26}** Considering the foregoing, we cannot say that the trial court abused its discretion in denying Neal's motion to withdraw his guilty plea. Accordingly, Neal's sole assignment of error is overruled.

### *III.    Conclusion*

**{¶27}** We affirm the trial court's judgment.

Judgment affirmed.

**BOCK, P.J.,** and **NESTOR, J.,** concur.