[Cite as *State v. Rashid*, 2013-Ohio-4458.]

# IN THE COURT OF APPEALS

## FIRST APPELLATE DISTRICT OF OHIO

## HAMILTON COUNTY, OHIO

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-120777 |
|  |  | C-120778 |
| Plaintiff-Appellee, | : | TRIAL NOS. B-1203532 |
|  |  | B-1204815 |
| vs. | : |  |
|  | : | *O P I N I O N.* |
| JAMAL RASHID, |  |  |
| Defendant-Appellant. | : |  |

Criminal Appeals From: Hamilton County Court of Common Pleas

Judgments Appealed From Are: Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal: October 9, 2013

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Rachel Lipman Curran,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Scott A. Rubenstein*, for Defendant-Appellant.

Please note: this case has been removed from the accelerated calendar.

**FISCHER, Judge.**

{¶1}  Defendant-appellant Jamal Rashid appeals the judgments of the trial court terminating his community control and sentencing him to two years in prison for escape in the case numbered B-1203532, to run consecutively to a one-year prison sentence for possession of cocaine in the case numbered B-1204815.  Rashid argues that, in exchange for his guilty plea to possession, his lawyer promised him that he would be released from jail for one week prior to serving his prison term.  Because he did not actually get released from jail, however, Rashid argues that his plea was not knowing, voluntary, or intelligent, the trial court erred in refusing to grant his presentence motion to withdraw his guilty plea, and he received ineffective assistance of counsel.  He further argues that the trial court erred in imposing a sentence that is not supported by the findings in the record.  Because we determine that the trial court failed to make the findings required by R.C. 2929.14(C) for the imposition of consecutive sentences, we reverse those limited portions of the trial court's judgments.  We affirm all of the remaining parts of the trial court's judgments.

{¶2}  Rashid was indicted in the case numbered B-1203532 for possession of cocaine and escape.  Rashid pleaded guilty to the escape charge in exchange for the dismissal of the possession charge and was sentenced to community control.  Days after receiving his community-control sentence, Rashid was indicted in the case numbered B-1204815 for trafficking in and possession of cocaine.  Rashid's probation officer then filed a notice of a violation of community control in the case numbered B-1203532.

{¶3}    Rashid entered a guilty plea to the new charge of possession of cocaine in the case numbered B-1204815 in exchange for the dismissal of the trafficking charge.  After Rashid's plea hearing, but prior to sentencing, the trial court ordered Rashid to be released on his own recognizance to allow him some time to settle his affairs.  Rashid, however, also had charges pending in Hamilton County Municipal Court, and so Rashid was not released from confinement prior to the sentencing hearing.

{¶4}    At the sentencing hearing, Rashid requested a stay of his sentence or a continuance until the prison term imposed by the municipal court ended.  The trial court denied Rashid's request, at which time Rashid stated that he wanted to withdraw his plea because his lawyer had promised him that he would get a week out of prison before serving his sentence.  The trial court denied Rashid's motion to withdraw his plea, determining that Rashid was represented by highly competent counsel, he had understood the nature of the charges and possible penalties when he had pleaded guilty, that Rashid had no defense to the charges, and that the state would be prejudiced by a withdrawal.

{¶5}    The trial court found that Rashid had violated the terms of his community control in the case numbered B-1203532 and sentenced him to two years in prison.  The trial court then sentenced Rashid to one year in prison on his guilty plea to possession of cocaine.  The trial court imposed consecutive prison terms, for a total of three years in prison.  Rashid appeals from his judgments of conviction in these consolidated appeals.

{¶6}    In his first assignment of error, Rashid argues that the trial court erred in imposing a sentence that is not supported by the findings in the record.  Rashid

specifically argues that the trial court did not follow the purposes and principles of sentencing in R.C. 2929.11 and the factors set forth in R.C. 2929.12. Rashid argues that he should have been given a sentence more tailored toward supervision and behavioral modification rather than prison because he was focused on becoming a law-abiding citizen, he committed a low-level felony, and this was his first community-control violation. Before this court can modify or vacate a felony sentence, we must "clearly and convincingly find[]": that the sentences imposed were "contrary to law[;]" or that "the record does not support the sentencing court's findings." R.C. 2953.08(G); *see State v. White*, 1st Dist. Hamilton No. C-130114, 2013-Ohio-4225, ¶ 11.

{¶7} As to Rashid's argument that the trial court failed to abide by the purposes and principles of sentencing in R.C. 2929.11 and the factors set forth in R.C. 2929.12 by imposing prison terms rather than a sentence more tailored toward supervision and behavioral modification, R.C. 2929.11 and 2929.12 are not fact-finding statutes. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 17. Instead, we presume that the trial court gave proper consideration to R.C. 2929.11 and 2929.12, even in the absence of a specific reference to those statutes in the record. *Id.* at ¶ 18, fn. 4.

{¶8} Unlike R.C. 2929.11 and 2929.12, however, R.C. 2929.14(C)(4) requires a court to make certain findings before imposing consecutive sentences. *State v. Alexander*, 1st Dist. Hamilton Nos. C-110828 and C-110829, 2012-Ohio-3349, ¶ 13 and 16. Consecutive sentences imposed without the findings are clearly and convincingly contrary to law and must be vacated. *State v. Cowins*, 1st Dist. Hamilton No. C-120191, 2013-Ohio-277, ¶ 36.

{¶9} Under R.C. 2929.14(C)(4), the sentencing court must find that consecutive sentences are necessary to protect the public or to punish the offender. The court must also find that consecutive sentences are not disproportionate to the offender's conduct and to the danger the offender poses to the public. Finally, the court must find that at least one of the following applies: (1) the offender committed one or more of the offenses while awaiting trial or sentencing, while under a sanction imposed under R.C. 2929.16, 2929.17, or 2929.18, or while under postrelease control for a prior offense; (2) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct would adequately reflect the seriousness of the offender's conduct; or (3) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. *Alexander* at ¶ 15.

{¶10} Although the trial court found that Rashid violated his community-control sanctions by pleading guilty to possession, our review of the record shows that the trial court failed to make the findings that consecutive sentences are necessary to protect the public or to punish the offender and that consecutive sentences are not disproportionate to Rashid's conduct and to the danger Rashid poses to the public, as required by R.C. 2929.14(C)(4). Therefore, those portions of the trial court's judgments imposing consecutive sentences must be vacated as clearly and convincingly contrary to law. We sustain Rashid's first assignment of error only so far as we hold that the trial court erred in imposing consecutive sentences without making the required statutory findings.

{¶11}  In his second assignment of error, Rashid argues that his plea was not entered knowingly, voluntarily, and intelligently.  To ensure that a defendant's pleas are made knowingly, voluntarily, and intelligently, the trial court must engage the defendant in a colloquy pursuant to Crim.R. 11.  *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 25-26.

{¶12}  Rashid argues that his trial counsel promised him that, in exchange for his guilty plea, he would be released from custody.  Our review of the record reveals that the trial court complied with Crim.R. 11.  The trial court specifically asked Rashid whether anyone had made any promises to him, to which Rashid replied in the negative.  Thus, the record does not disclose that the trial court erred in accepting Rashid's guilty plea.  Therefore, we overrule Rashid's second assignment of error.

{¶13}  In his third assignment of error, Rashid argues that the trial court erred by denying his presentence motion to withdraw his guilty plea under Crim.R. 32.1.  Although a trial court should "freely and liberally grant" a presentence motion to withdraw a guilty plea, the defendant must supply the trial court with a reasonable and legitimate basis for the withdrawal, and the defendant does not have an absolute right to a withdrawal.  *State v. Andrews*, 1st Dist. Hamilton No. C-110735, 2012-Ohio-4664, ¶ 16, quoting *State v. Xie*, 62 Ohio St.3d 521, 526-27, 584 N.E.2d 715 (1992).  This court reviews a trial court's ruling on a motion to withdraw a guilty plea for an abuse of discretion.  *Andrews* at ¶ 16.

{¶14} An appellate court considers a number of factors in determining whether a trial court properly denied a defendant's motion to withdraw a guilty plea pursuant to Crim.R. 32.1, including:

(1) whether the defendant was represented by highly competent counsel; (2) whether the defendant was afforded a complete Crim.R. 11 hearing before entering the plea; (3) whether the trial court conducted a full and impartial hearing on the motion to withdraw the plea; (4) whether the trial court gave full and fair consideration to the motion; (5) whether the motion was made within a reasonable time; (6) whether the motion set out specific reasons for the withdrawal; (7) whether the defendant understood the nature of charges and the possible penalties; (8) whether the defendant was possibly not guilty of the charges or had a complete defense to the charges; and (9) whether the state would have been prejudiced by the withdrawal of the plea.

*See State v. Jefferson*, 1st Dist. Hamilton No. C-020802, 2003-Ohio-4308, ¶ 7, citing *State v. Fish*, 104 Ohio App.3d 236, 240, 661 N.E.2d 788 (1st Dist.1995).

{¶15} Rashid argues that the agreement underlying his plea, which would have allowed him a one-week release from custody, was abrogated. As a result, Rashid argues, he should have been entitled to withdraw his plea. The record shows that the trial court gave fair consideration to Rashid's motion to withdraw his plea and that Rashid had been afforded a full Crim.R. 11 colloquy at the time of his plea. The record supports the trial court's determinations that Rashid was represented by highly competent counsel, Rashid had understood the nature of the charges and possible penalties when he had pleaded guilty, he had no defense to the charges, and

the state would be prejudiced by the withdrawal of the plea. The trial court ordered Rashid to be released on his own recognizance pending sentencing; however, Rashid apparently was not released from custody because of charges in municipal court. Only when Rashid realized that the trial court would not again continue or stay the imposition of his sentence did he request to withdraw his plea.

{¶16} The trial court did not abuse its discretion in denying Rashid's motion to withdraw his guilty plea. We overrule Rashid's third assignment of error.

{¶17} In his fourth assignment of error, Rashid argues that he was deprived of the effective assistance of counsel. As stated above, the record does not reveal that any promises were made to Rashid in exchange for his guilty plea. Contrary to Rashid's argument, the trial court ordered him to be released, but his municipal-court charges prevented his release. Therefore, Rashid has not shown that his trial counsel erred, or that he was prejudiced by the alleged error. *See Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We overrule Rashid's fourth assignment of error.

{¶18} In conclusion, we reverse those portions of the trial court's judgments imposing consecutive sentences, and we remand the matter to the trial court only to the extent necessary to consider whether consecutive sentences are appropriate under R.C. 2929.14(C), and, if so, to make the proper findings on the record. The remainder of the trial court's judgments are affirmed.

Judgments affirmed in part, reversed in part, and cause remanded.

DINKELACKER, P.J., and DEWINE, J., concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.

8