[Cite as *State v. Hutcherson*, 2020-Ohio-5321.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-190627 |
| | | TRIAL NO. B-1803682 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| ADRIAN HUTCHERSON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal: November 18, 2020

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Timothy J. McKenna*, for Defendant-Appellant.

**MOCK**, **Presiding Judge.**

{¶1}    Plaintiff-appellant Adrian Hutcherson pleaded guilty to one count of aggravated burglary under R.C. 2911.11(A)(1) and one count of rape under R.C. 2907.02(A)(1). He was sentenced to 11 years of imprisonment on each count, to be served consecutively. This appeal followed. We find no merit in Hutcherson's two assignments of error, and we affirm his convictions.

### *Allied Offenses of Similar Import*

{¶2}    In his first assignment of error, Hutcherson contends that the trial court erred when it failed to merge his convictions because they were allied offenses of similar import. He argues that the two offenses were committed during the same time frame, during a single incident, with the same victim and purpose. This assignment of error is not well taken.

{¶3}    We review a trial court's decision regarding allied offenses de novo. *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, ¶ 28; *State v. Arnold*, 1st Dist. Hamilton Nos. C-180664 and C-180670, 2020-Ohio-2706, ¶ 67. The defendant bears the burden to show that he is entitled to the protection of R.C. 2941.25 against multiple punishments for a single criminal act. *Arnold* at ¶ 69.

{¶4}    In *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, the Ohio Supreme Court stated that in determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts "must evaluate three separate factors—the conduct, the animus, and the import." *Id.* at paragraph one of the syllabus. Separate convictions are permitted under R.C. 2941.25 for multiple offenses if we answer any of the following three questions affirmatively: (1) Were the offenses dissimilar in import or significance? (2) Were they committed

separately? And (3) Were they committed with a separate animus or motivation? *State v. Williams*, 1st Dist. Hamilton No. C-140199, 2015-Ohio-3968, ¶ 53, citing *Ruff* at paragraph three of the syllabus. Neither the *Ruff* decision nor "the language of R.C. 2941.25 mandates the order of our inquiry." We may begin our analysis with any of the three questions, and we may end our analysis upon an affirmative response to any of three questions. *Id.* at ¶ 54.

{¶5} "Animus" means "purpose, or more properly, immediate motive" and "requires us to examine the defendant's mental state in determining whether two or more offenses may be chiseled from the same conduct." *State v. Bailey*, 1st Dist. Hamilton No. C-140129, 2015-Ohio-2997, ¶ 86, quoting *State v. Logan*, 60 Ohio St.2d 126, 131, 397 N.E.2d 1345 (1979). We determine the animus by dissecting the facts and circumstances, including the means used to commit the offense. *Bailey* at ¶ 86.

{¶6} The record shows that Hutcherson broke into the victim's home. The victim confronted him and told him to leave. Instead, Hutcherson threatened to stab her with a scissors and forced her into the basement. Once downstairs, he tore off her clothes and violently raped her for hours in several ways. The victim tried to escape multiple times, but Hutcherson caught her and dragged her down the stairs back into the basement. She also tried to fight off Hutcherson multiple times, and each time, Hutcherson attacked her and forced her to submit to a sexual assault. After the numerous assaults, Hutcherson forced the victim to shower. He also attempted to wash the blanket on which he had raped her. While Hutcherson was distracted, the victim escaped, wearing only a towel.

{¶7} The rape was long and protracted, and Hutcherson repeatedly and gratuitously inflicted physical harm on the victim. The surrounding facts and

circumstances show that the two offenses were committed with a separate animus. *See Arnold*, 1st Dist. Hamilton Nos. C-180664 and C-180670, 2020-Ohio-2706, at ¶ 71-75; *Williams*, 1st Dist. Hamilton No. C-140199, 2015-Ohio-3968, at ¶ 57-58; *Bailey*, 1st Dist. Hamilton No. C-140129, 2015-Ohio-2997, at ¶ 87. Therefore, we overrule Hutcherson's first assignment of error.

### *Consecutive Sentences*

{¶8} In his second assignment of error, Hutcherson contends that the consecutive sentences imposed by the court are contrary to law. He argues that the state failed to overcome the statutory presumption in favor of concurrent sentences. This assignment of error is not well taken.

{¶9} Before a reviewing court can modify or vacate a felony sentence, it must clearly and convincingly find that the sentence is contrary to law or that the record does not support the trial court's findings. Former R.C. 2953.08(G)(2); *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1; *State v. White*, 2013-Ohio-4225, 997 N.E.2d 629, ¶ 11 (1st Dist.).

{¶10} In Ohio, there is a statutory presumption in favor of concurrent sentences for most felony offenses. R.C. 2929.41(A); *State v. Harris*, 1st Dist. Hamilton Nos. C-170266 and C-170267, 2018-Ohio-2850, ¶ 8. The trial court may overcome that presumption by making the findings set forth in former R.C. 2929.14(C). *Arnold*, 1st Dist. Hamilton Nos. C-180664 and C-180670, 2020-Ohio-2706, at ¶ 78; *State v. Palazzolo*, 1st Dist. Hamilton No. C-150557, 2016-Ohio-7043, ¶ 13.

{¶11} When imposing consecutive sentences, a trial court must make the required findings as part of the sentencing hearing and incorporate those findings in the sentencing entry. *State v. BOnnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16

N.E.3d 659, syllabus; *State v. Walker*, 1st Dist. Hamilton No. C-190193, 2020-Ohio-1581, ¶ 68. The record must show that the court engaged in the requisite analysis and that the evidence supports the findings. *Walker* at ¶ 68; *State v. Cephas*, 1st Dist. Hamilton No. C-180105, 2019-Ohio-52, ¶ 43. But the trial court "has no obligation to state reasons in support of its findings * * *." *Bonnell* at syllabus; *State v. Brown*, 2019-Ohio-1455, 129 N.E.2d 524, ¶ 28 (1st Dist.).

{¶12} The record shows that the trial court engaged in the requisite analysis, made the findings required by former R.C. 2929.14(C), and incorporated those findings into the judgment entry. The trial court considered the statements of Hutcherson and his family. It based its findings supporting consecutive sentences on the horrific nature of the offenses and the substantial harm suffered by the victim. Under the circumstances, we cannot hold that the record does not support the trial court's findings or that the sentences are contrary to law. Consequently, we overrule Hutcherson's second assignment of error and affirm the trial court's judgment.

Judgment affirmed.

**ZAYAS** and **WINKLER, JJ.**, concur.

Please note:
    The court has recorded its own entry this date.