[Cite as *State v. Howell*, 2021-Ohio-2957.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


STATE OF OHIO,                         :        APPEAL NO. C-200360
                                                TRIAL NO. B-1901922
    Plaintiff-Appellee,            :
                                                *O P I N I O N.*
                                       :

  VS.                                  :

                                       :

ORLANDO HOWELL,                        :

    Defendant-Appellant.           :



Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  August 27, 2021


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Keith Sauter*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Timothy J. McKenna,* for Defendant-Appellant.

**BERGERON, Judge.**

{¶1} Defendant-appellant Orlando Howell struck a plea deal that allowed him to stay out of prison until sentencing, but he agreed to the imposition of maximum and consecutive sentences if he got into trouble before his sentencing hearing. Unfortunately for him, during that interim period, he received new charges and otherwise violated the terms of his release, so the trial court followed the plea agreement and did exactly as it had warned—it imposed maximum, consecutive sentences. Mr. Howell now appeals, arguing that the trial court should have allowed him to withdraw his guilty pleas and, alternatively, that we should modify his sentences to run concurrently. Because the trial court acted within its discretion and did not impose sentences contrary to law, we overrule Mr. Howell's two assignments of error and affirm the trial court's judgment.

I.

{¶2} The relevant facts of this case are straightforward and undisputed. While on probation in April 2019, Mr. Howell received four new drug charges after police seized drugs from his girlfriend's apartment. Charges of possession of cocaine and possession of fentanyl in violation of R.C. 2925.11, and trafficking in cocaine and trafficking in fentanyl in violation of R.C. 2925.03, ensued. In addition to these new charges, Mr. Howell faced the specter of two additional years of incarceration by virtue of the probation violation.

{¶3} Mr. Howell initially decided to contest the new charges by moving to suppress, positing that the officers illegally obtained the drugs by searching his girlfriend's apartment without first obtaining a warrant (a maintenance man allegedly let police into the apartment). To establish his standing to contest the

legitimacy of that search, Mr. Howell subpoenaed his girlfriend to testify at the suppression hearing (a fact that placed her at considerable risk of self-incrimination).  Eventually, it dawned on Mr. Howell that his girlfriend either could not or would not provide helpful testimony to his cause, which convinced him to pull the plug on the suppression motion and strike a deal with the state.

{¶4}    In exchange for Mr. Howell pleading guilty to both trafficking counts, the state agreed to drop both possession charges and to recommend termination of outstanding probation.  Furthermore, both parties agreed to jointly recommend maximum, *concurrent* sentences for both trafficking counts (36 months for fentanyl trafficking and 18 months for cocaine trafficking, for a total sentence of 36 months).  Finally, in exchange for the state recommending Mr. Howell's release until sentencing, the parties agreed as follows:

> If Defendant fails to show [for the sentencing hearing] or if Defendant
>
> picks up any new charges * * * [or] violates the terms and conditions of
>
> his release * * * the court will impose maximum consecutive sentences
>
> on all counts and on the probation violation.

{¶5}    The trial court accepted Mr. Howell's guilty pleas and dismissed the two possession counts, but it declined to terminate the outstanding probationor discuss a potential sentence until the subsequent hearing.  The court also agreed to release Mr. Howell until sentencing, provided that he wear an electronic monitoring device.   Finally, the court wrapped up matters by issuing the following admonishment:

> If you violate for any reason, if you do anything you are not supposed
>
> to be doing in the meantime, you are going to come back here and * * *

3

if you have any charges * * * you are looking at seven and a half years, and you are going to get every last second of that * * * .

{¶6} The sentencing hearing did not take place for several months, and in the meantime, Mr. Howell received several charges in municipal court for allegedly operating an illicit nightclub out of his residence, among other things. Mr. Howell also violated the terms of his release by apparently failing to recharge his ankle monitor, causing the battery to die. With these problems afoot, Mr. Howell then sought to withdraw his guilty pleas.

{¶7} The trial court first convened a hearing on Mr. Howell's motion to withdraw his guilty pleas before denying it. The court then proceeded to sentencing, at which point Mr. Howell did not contest his violations, instead offering mitigating factors. Mr. Howell insisted that his monitor had malfunctioned, that the probation officer in charge of the monitoring unit was difficult to work with, that Covid-19 created complications in complying with his release conditions, and that he was innocent of the municipal court charges. The trial court saw things differently, informing Mr. Howell that it would impose maximum and consecutive sentences for the two trafficking counts: 18 months for cocaine trafficking and 36 months for fentanyl trafficking, for a total of 54 months. The trial court did, however, terminate Mr. Oppenheimer's outstanding probation.

{¶8} On appeal, Mr. Howell presents two assignments of error, arguing that the trial court should have permitted him to withdraw his guilty pleas and, alternatively, that we should revise his sentences to run concurrently.

II.

{¶9} In his first assignment of error, Mr. Howell maintains that the trial court abused its discretion in denying his motion to withdraw his guilty pleas. "The Ohio Supreme Court has held that a trial court should 'freely and liberally grant' a presentence motion to withdraw a guilty plea, provided that the defendant has supplied the trial court with a reasonable and legitimate basis for the withdrawal." *State v. Andrews*, 1st Dist. Hamilton No. C-110735, 2012-Ohio-4664, ¶ 16, quoting *State v. Xie*, 62 Ohio St.3d 521, 526–27, 584 N.E.2d 715 (1992). Nevertheless, "a defendant does not have an absolute right to withdraw a guilty plea prior to sentencing." *Xie* at paragraph one of the syllabus. And we will not disturb the trial court's ruling absent an abuse of discretion. *Andrews* at ¶ 16; *Xie* at paragraph two of the syllabus.

{¶10} When reviewing a trial court's denial of a motion to withdraw a guilty plea, we consider a number of factors, including:

(1) whether the defendant was represented by highly competent counsel; (2) whether the defendant was afforded a complete Crim.R. 11 hearing before entering the plea; (3) whether the trial court conducted a full and impartial hearing on the motion to withdraw the plea; (4) whether the trial court gave full and fair consideration to the motion; (5) whether the motion was made within a reasonable time; (6) whether the motion set out specific reasons for the withdrawal; (7) whether the defendant understood the nature of charges and the possible penalties; (8) whether the defendant was possibly not guilty of

the charges or had a complete defense to the charges; and (9) whether
the state would have been prejudiced by the withdrawal of the plea.

*State v. Rashid*, 1st Dist. Hamilton Nos. C-120777 and C-120778, 2013-Ohio-4458, ¶ 14, quoting *State v. Jefferson*, 1st Dist. Hamilton No. C-020802, 2003-Ohio-4308, ¶ 7.

{¶11} Here, Mr. Howell concedes that the first seven factors weigh in favor of the trial court's decision, objecting only that he had a complete defense to his drug charges and that the state would not suffer any prejudice. But he musters only a conclusory argument on those two factors, suggesting that his suppression argument was "colorable" and that the state could nonetheless prosecute him. In light of the concession on the remaining factors, Mr. Howell needed a much more compelling argument to cast doubt on the trial court's exercise of discretion. Based on the record at hand, we have little difficulty in concluding that the trial court did not abuse its discretion. We therefore overrule Mr. Howell's first assignment of error

III.

{¶12} In his second assignment of error, Mr. Howell finds fault with the trial court's imposition of consecutive sentences, and he asks us to modify his sentences accordingly. He first reasons that his sentences were contrary to law, offering that the court failed to consider the sentencing factors in R.C. 2929.11 and 2929.12. Mr. Howell also alleges that the trial court's factual findings were unsupported by the record.

{¶13} "Before a reviewing court can modify or vacate a felony sentence, it must clearly and convincingly find that the sentence is contrary to law or that the record does not support the trial court's findings." *State v. Hutcherson*, 1st Dist.

6

Hamilton No. C-190627, 2020-Ohio-5321, ¶ 9; *see* R.C. 2953.08(G)(2). "Contrary to law" means "in violation of statute or legal regulations at a given time." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 34, citing *Black's Law Dictionary* 328 (6th Ed.1990). Here, it is undisputed that the sentences received by Mr. Howell comported with the legal range provided by the statutes at hand.

{¶14} Moreover, our ability to review Mr. Howell's sentences is further limited because the court sentenced him within the terms of the plea agreement. R.C. 2953.08(D)(1) provides that "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." As the Ohio Supreme Court has observed, "[t]he General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the parties agreed that the sentence is appropriate." *State v. Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, 829 N.E.2d 690, ¶ 25. "Once a defendant stipulates that a particular sentence is justified, the sentencing judge no longer needs to independently justify the sentence." *Id.* And these principles also apply to consecutive sentences and sentencing ranges. *See State v. Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, 69 N.E.3d 627, ¶ 30 ("If a jointly recommended sentence includes nonmandatory consecutive sentences and the trial judge fails to make the consecutive-sentence findings set out in R.C. 2929.14(E)(4), the sentence is nevertheless 'authorized by law,' and therefore is not appealable pursuant to R.C. 2953.08(D)(1)."); *State v. Williams*, 8th Dist. Cuyahoga No. 108724, 2020-Ohio-3802, ¶ 9 ("[I]t does not matter if the jointly recommended sentence is a range or a

7

specific term. * * * The sentence is not reviewable."). Here, Mr. Howell agreed that, if he received new charges or otherwise violated the terms of his release, maximum and consecutive sentences, totaling 54 months, would be appropriate. On appeal, he concedes that he violated the terms of his release, that he received additional charges, and that the trial court sentenced him according to the terms of the agreement.

{¶15} Notwithstanding that concession, Mr. Howell maintains that the trial court failed to consider the sentencing factors in R.C. 2929.11 and 2929.12. But the Supreme Court has explained that "neither R.C. 2929.11 nor 2929.12 requires a trial court to make any specific factual findings on the record." *Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, at ¶ 20. Furthermore, "[w]e can presume from a silent record that the trial court considered the appropriate factors unless the defendant affirmatively shows that the court has failed to do so." *State v. Cephas*, 1st Dist. Hamilton No. C-180105, 2019-Ohio-52, ¶ 42. Here, the trial court explicitly cited two factors from R.C. 2929.11—the need to protect the public and punish the defendant—and Mr. Howell identifies nothing in the record otherwise suggesting that the trial court failed to consider the remaining factors. We therefore overrule Mr. Howell's second assignment of error.

*       *       *

{¶16} In light of the foregoing analysis, we overrule Mr. Howell's two assignments of error and affirm the judgment of the trial court.

Judgment affirmed.

**MYERS, P. J.,** and **BOCK, J.,** concur.

8

Please note:

The court has recorded its entry on the date of the release of this opinion