[Cite as *State v. McCoy*, 2023-Ohio-361.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-220279 |
| | | C-220281 |
| Plaintiff-Appellee, | : | TRIAL NO. B-2004388 |
| | : | |
| vs. | | *O P I N I O N.* |
| | : | |
| JOSHUA MCCOY, | : | |
| Defendant-Appellant. | : | |

Criminal Appeals From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed and Cause Remanded

Date of Judgment Entry on Appeal: February 8, 2023

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, for Plaintiff-Appellee,

*John D. Hill, Jr.*, for Defendant-Appellant.

**BERGERON, Judge.**

{¶1}   After shooting at a woman and her family—hitting the woman—defendant-appellant Joshua McCoy was indicted for various counts of felonious assault as well as for having a weapon while under disability.  As his bench trial unfolded, Mr. McCoy decided to enter guilty pleas instead of continuing with the trial.  A while later, however, he had a change of heart and requested to withdraw his pleas.  The trial court denied Mr. McCoy's motion to withdraw his guilty pleas and sentenced him in accordance with the Reagan Tokes Law (2018 Am.Sub. S.B. 201).  In his appeal, Mr. McCoy asserts that the trial court erred when it declined to allow him to withdraw his guilty pleas, and he also takes aim at the constitutionality of the Reagan Tokes Law.  However, based on the record at hand and applicable caselaw, we find no error in the trial court's denial of the motion to withdraw his guilty pleas, and we reject his constitutional challenges to the Reagan Tokes Law consistent with our recent precedent.

I.

{¶2}   In August 2020, victim Marisa Jones, her brother, and her children piled into the family van—sitting in a parking lot—as they prepared to venture out to a birthday party.  Before Ms. Jones drove off, Mr. McCoy approached the car and confronted her, demanding that she leave the lot and brandishing a firearm at her brother.  Ms. Jones then stepped out of the vehicle, approaching Mr. McCoy in an attempt to defuse the situation.  Her efforts failed as Mr. McCoy responded by firing multiple shots toward her and the vehicle, striking Ms. Jones in the arm with one bullet and lodging at least one shot in the van near where Ms. Jones's two minor

2

children were seated. Mr. McCoy was under a disability at the time of the shooting due to a felony assault conviction in 2015.

{¶3} Mr. McCoy was subsequently charged with four counts of felonious assault and one count of having a weapon while under disability. He initially opted to waive his jury rights and be tried by the trial judge. But after the testimony of the state's first witness wrapped up, Mr. McCoy opted to withdraw his previous not-guilty pleas and tender guilty pleas. He pleaded guilty to the second through fifth counts of the indictment—three counts of felonious assault with accompanying three-year firearm specifications, as well as one count of having weapons while under disability—in exchange for dismissal of count one of the indictment and repeat violent offender specifications that had accompanied counts two through four.

{¶4} The trial court then engaged Mr. McCoy in a Crim.R. 11(C) colloquy during which the court confirmed that he understood the terms and effects of the pleas, the maximum potential penalties he faced upon conviction, and the constitutional rights he forfeited by tendering the pleas. The court also elicited Mr. McCoy's acknowledgment that he was proceeding knowingly, intelligently, and voluntarily. After finding Mr. McCoy guilty, the court continued the matter for sentencing and ordered a standard presentence investigation, a victim impact statement, and a forensic evaluation from the Hamilton County Court Clinic for purposes of sentencing mitigation.

{¶5} Prior to sentencing, Mr. McCoy's trial counsel filed a motion to strike the indefinite sentencing provisions of R.C. 2929.144, basing arguments on the alleged constitutional deficiencies of the Reagan Tokes Law.

{¶6}  At the sentencing hearing, Mr. McCoy presented a handwritten letter in which he requested to withdraw his pleas.  The trial court entertained arguments on the motion before denying it.  The trial court also denied Mr. McCoy's motion requesting that the court dispense with the indefinite sentence requirement embodied in the Reagan Tokes Law.

{¶7}  The court imposed the following sentences: for count 2, an eight-year sentence on the underlying offense, with a three-year mandatory sentence for the firearm specification; for count 3, a five-year sentence; for count 4, a five-year sentence; and for count 5, a three-year sentence.  The court merged the firearm specifications on counts 3 and 4 with the specification on count 2.  The sentences for counts 3 and 4 were made concurrent with one another but consecutive to the remaining sentences.  The sentence for count 6 was made concurrent with the other sentences.  The aggregate prison term was 16 to 20 years in the Ohio Department of Rehabilitation and Correction ("ODRC").

{¶8}  Mr. McCoy timely appealed, taking issue with the trial court's denial of his motion to withdraw his guilty pleas and challenging the constitutionality of the Reagan Tokes Law.

II.

{¶9}  In his first assignment of error, Mr. McCoy contends that the trial court erred when it denied his motion to withdraw his guilty pleas.

{¶10}  Motions to withdraw guilty pleas are governed by Crim.R. 32.1, which provides: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her

4

plea." The right to withdraw a plea is not absolute, but "a presentence motion to withdraw a guilty plea should be freely and liberally granted." *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992); *see State v. Howell*, 1st Dist. Hamilton No. C-200360, 2021-Ohio-2957, ¶ 9. However, it must be recognized that "a defendant does not have an absolute right to withdraw a plea prior to sentencing." *Howell* at ¶ 9, quoting *Xie* at paragraph one of the syllabus. "And we will not disturb the trial court's ruling absent an abuse of discretion." *Howell* at ¶ 9, citing *Xie* at paragraph two of the syllabus.

**{¶11}** When reviewing a trial court's denial of a motion to withdraw a guilty plea, an appellate court considers the factors set forth in *State v. Fish*, 104 Ohio App.3d 236, 240, 661 N.E.2d 788 (1st Dist.1995), *overruled in part on other grounds*, *State v. Sims*, 2017-Ohio-8379, 99 N.E.3d 1056 (1st Dist.), including:

> (1) whether the defendant was represented by highly competent counsel; (2) whether the defendant was afforded a complete Crim.R. 11 hearing before entering the plea; (3) whether the trial court conducted a full and impartial hearing on the motion to withdraw the plea; (4) whether the trial court gave full and fair consideration to the motion; (5) whether the motion was made within a reasonable time; (6) whether the motion set out specific reasons for the withdrawal; (7) whether the defendant understood the nature of charges and the possible penalties; (8) whether the defendant was possibly not guilty of the charges or had a complete defense to the charges; and (9) whether the state would have been prejudiced by the withdrawal of the plea.

*Howell* at ¶ 10, quoting *State v. Rashid*, 1st Dist. Hamilton Nos. C-120777 and C-120778, 2013-Ohio-4458, ¶ 14, and *State v. Jefferson*, 1st Dist. Hamilton No. C-020802, 2003-Ohio-4308, ¶ 7.

{¶12}  Here, Mr. McCoy concedes that the trial court's decision, for the most part, satisfied the *Fish* factors.  He objects only on the basis that the trial court predominantly focused on whether allowing him to withdraw his pleas would prejudice the prosecution.  According to Mr. McCoy, the trial court did not sufficiently address whether he might have a valid defense.  However, the record reflects that the trial court gave full and fair consideration to the withdrawal request and that it afforded him a complete Crim.R.11 colloquy at the time of his pleas.  The record moreover supports the conclusions that Mr. McCoy was represented by highly competent counsel, that he understood the nature and possible penalties of the charges to which he pleaded guilty, and that the state would be prejudiced by the withdrawal of the pleas (since it pulled the plug on the on-going trial once he decided to plead).  Nor does Mr. McCoy's conclusory argument that the trial court did not consider whether he might have a valid defense persuade us that the trial court abused its discretion.  The record contains no evidence that Mr. McCoy presented any potentially viable defense to the charges he faced, nor does he elaborate on any possible defenses on appeal.  On this record, the trial court did not abuse its discretion in denying the motion to withdraw his guilty pleas.  Accordingly, we overrule Mr. McCoy's first assignment of error.

III.

{¶13}  Mr. McCoy also challenges the constitutionality of the Reagan Tokes Law, alleging that the procedures for adjudicating and sentencing offenders under

R.C. 2929.144 and 2967.271 violate both the separation of powers doctrine and offenders' due process rights. Specifically, Mr. McCoy takes issue with the fact that, in his view, the indefinite sentencing regime affords the ODRC nearly unfettered discretion in sentencing offenders.

{¶14} Recently, this court held that the Reagan Tokes Law—including the sentencing regime as codified in R.C. 2929.144 and 2967.271—is constitutional. *State v. Guyton*, 1st Dist. Hamilton No. C-190657, 2022-Ohio-2962, ¶ 53-55, *appeal accepted*, 168 Ohio St.3d 1418, 2022-Ohio-3752, 196 N.E.3d 850. In *Guyton*, after exhaustive consideration, we rejected claims that the sentencing scheme violates separation of powers or due process. *Id.* at ¶ 45, 69. With regard to due process, we held that "[w]e do not discern any provision in the Reagan Tokes Law that overcomes the strong presumption an offender will be afforded the requisite process due at all stages of the indeterminate sentencing scheme, including during any administrative proceedings." *Id.* at ¶ 45. And we further "reject[ed] [defendant's] claim that the indefinite sentencing scheme set forth in the Reagan Tokes Law violates the separation-of-powers doctrine." *Id.* at ¶ 28. We therefore reject Mr. McCoy's constitutional challenges to the Reagan Tokes Law and overrule his second assignment of error.

\* \* \*

{¶15} In light of the foregoing analysis, we overrule both of Mr. McCoy's assignments of error and affirm the judgment of the trial court. We note, however, that the sentencing entry contains a clerical error, as it incorrectly lists the sentences that are to run concurrently and consecutively, and incorrectly merges counts 2 and 3

and counts 3 and 4, rather than the specifications for those counts. "Crim.R. 36 allows for the correction at any time of clerical mistakes due to oversight or omission. Further, App.R. 9(E) allows this court to direct that the misstatement be corrected." *State v. Simmons,* 1st Dist. Hamilton No. C-050817, 2006-Ohio-5760, ¶ 24. We therefore remand this cause for the limited purpose of ordering the trial court to enter a nunc pro tunc order correcting the sentencing entry to accurately reflect the sentence imposed during the sentencing hearing.

Judgment affirmed and cause remanded.

**CROUSE, P. J.,** and **ZAYAS, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.